### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| **TRINETICS INTERNATIONAL, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.: _____ |
| ) | |
| **URS GROUP INC.** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

COMES NOW, Plaintiff Trinetics International, Inc. by and through its undersigned counsel, and files this Complaint against Defendant URS Group Inc. and as grounds therefore states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Trinetics International, Inc. ("Trinetics") is a corporation organized under the laws of the State of Alabama, with its principal place of business in Alabama which did business in Madison County, Alabama. Prior to February 12, 2011 Trinetics was known as HRJ International Inc.

2. Defendant URS Group Inc. ("URS") is a foreign corporation which does business in Madison County, Alabama. URS has sufficient minimum contacts with Alabama so that personal jurisdiction over this Defendant is consistent with the United States Constitution and the Alabama Constitution.

3. The amount in controversy in this action exceeds the sum of $75,000.00 exclusive of interest and costs.

4. This court has original jurisdiction over this action based on diversity of citizenship under 28 U.S.C. § 1332(a) in that the amount in controversy exceeds $75,000 and the action is between citizens of different states.

5. Venue in this action is proper in this district pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

6. On or about April 11, 2011 Trinetics entered into a firm fixed price contract with URS pursuant to which Trinetics provided URS with engineering support personnel.

7. Subsequently, on or about October 13, 2011 Trinetics entered into a separate contract with URS known as an IDIQ contract pursuant to which it provided services to URS on a task order basis. These services included construction manager and administrative support services.

8. Trinetics thereafter provided services to URS pursuant to these contracts. In accordance with the terms of both of these contracts, Trinetics submitted the following invoices to URS:

   a. Invoice No. 8Rev Dated May 23, 2012         $108,653
   b. Invoice No. 35015 Dated May 31, 2012        $179,968

   True and correct copies of these invoices are attached hereto as Exhibits A and B, respectively.

9. On or about June 15, 2012 Trinetics voluntarily ceased operating under the terms of both subcontracts. On June 22, 2012, Trinetics sent URS the following invoices for services provided to URS through June 15, 2012:

   c. Invoice No. 35016 Dated June 22, 2012        $89,983.76
   d. Invoice No. 9 Dated June 22, 2012            $98,470.74

   True and correct copies of these invoices are attached hereto as Exhibits C and D, respectively.

10. The payment terms for each invoice was "Net 30".  Thus, as of July 22, 2012 URS owed Trinetics the sum of $477,076.

11. Pursuant to both contracts, URS can offset from amounts owed to Trinetics only to the extent that URS incurred costs above the original price quoted by Trietics for the services provided.  After deducting all offsets, URS still owes Trinetics the sum of $355,664 pursuant to the foregoing invoices.

## COUNT I-BREACH OF CONTRACT

12. Plaintiff Trinetics realleges and reincorporates paragraphs one through eleven above as if fully set out herein.

13. URS breach the terms of its contracts with Trinetics by failing to perform its payment obligations.

14. URS has failed to fully pay Trinetics for the services provided by Trinetics to URS as evidenced by the attached invoices.

15. As a direct and proximate consequence of URS's failure to make payment, Trinetics has suffered significant economic loss.

WHEREFORE PREMISES CONSIDERED, Plaintiff Trinetics demands judgment against Defendant URS in the amount of $355,664.00, plus interest, attorneys' fees and costs, and grant it such further and additional relief to which it is justly entitled.

## COUNT II: UNJUST ENRICHMENT

16. All material allegations contained herein are incorporated by reference, as if set out in their entirety.

17. URS has and continues to receive the benefit of the services provided to it by Trinetics.

18. URS has failed to fully compensate Trinetics for the benefit of the services it has received.

19. As a direct and proximate result, Trinetics has sustained substantial economic damages.

WHEREFORE PREMISES CONSIDERED, Plaintiff Trinetics demands judgment against Defendant URS in an amount to be determined at trial plus interest, attorneys' fees and costs as well as such further and additional relief to which it is justly entitled.

### COUNT III –OPEN ACCOUNT

20. All material allegations contained herein are incorporated by reference, as if set out in their entirety.

21. URS maintains an unpaid open account with Trinetics for services provided to it by Trinetics.

22. Trinetics numerous attempts to settle this unpaid account with URS have proven futile.

23. URS is in default in payment under the terms of its agreement with Trinetics.

24. As a direct and proximate consequence of URS's failure to make payment, Trinetics has suffered significant economic loss.

WHEREFORE PREMISES CONSIDERED, Plaintiff Trinetics demands judgment against Defendant URS in the amount of $355,664, plus interest, attorneys' fees and costs, as well as such further and additional relief to which it is justly entitled.

### COUNT IV – ACCOUNT STATED

25. All material allegations contained herein are incorporated by reference, as if set out in their entirety.

26. URS agreed to compensate Trinetics for the services provided for its use and benefit.

27. Both Trinetics and URS agreed that Trinetics would be compensated in accordance with the terms set forth in the contracts and invoices.

28. Trinetics has made multiple attempts to collect on the balance of its account owed by URS to Trinetics.

29. URS has failed to pay in full the balance of its account owed to Trinetics as stated by its invoices.

30. As a direct and proximate consequence of URS's failure to make payment, Trinetics has suffered significant economic loss.

WHEREFORE PREMISES CONSIDERED, Plaintiff Trinetics demands judgment against Defendant URS in the amount of $355,664, plus interest, attorneys' fees and costs as well as such further and additional relief to which it is justly entitled.

/s/ Kevin D. Heard
Kevin D. Heard
Adam C. Dauro
Attorneys for Plaintiffs

Of Counsel:
HEARD ARY, LLC
307 Clinton Ave. W, Ste. 310
Huntsville, Alabama  35801
Tel: (256) 535-0817
Fax: (256) 535-0818
kheard@heardlaw.com
adauro@heardlaw.com

**Defendant's Address:**

URS GROUP, INC.
c/o CT Corporation System, its registered agent
2 North Jackson St. Suite 605
Montgomery, AL 36104